United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE MARILYN RAZZARI,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 16-cv-02945-JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO COMMISSIONER FOR FURTHER PROCEEDINGS**<br><br>Re: Dkt. Nos. 21, 23 |

## I. INTRODUCTION

Plaintiff Arlene Marilyn Razzari seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Presently before the Court are the parties' cross-motions for summary judgment. Razzari asks the Court to reverse the Commissioner's denial of her application for benefits and remand for "the correction of legal errors." The Commissioner asks the Court to affirm its decision denying benefits to Razzari. For the reasons stated below, the Court GRANTS Razzari's Motion for Summary Judgment, DENIES the Commissioner's Motion for Summary Judgment, and REMANDS this case for further proceedings consistent with this opinion.[1]

## II. BACKGROUND

### A. Procedural Background

On November 8, 2012, Razzari filed an application for disability insurance benefits, with

---

[1] All parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

an alleged onset date of September 1, 2012. Administrative Record ("AR") at 144-146. A hearing was conducted before Administrative Law Judge ("ALJ") Richard Laverdure on August 19, 2014. *Id.* at 24-41. Razzari was represented at the hearing by attorney Tony Arjo. *Id*. at 140.

On October 23, 2014, the ALJ determined that Arlene Razzari was not disabled. *Id*. at 9-17. Razzari requested review by the Commissioner's Appeals Council of that decision. *Id.*at 5. The Appeals Council denied the request for review. *Id.* at 1-4.

### B. The Hearing

At the hearing, the ALJ questioned Razzari about her pain and physical limitations. *Id*. at 25-38. He asked her about her current part-time job as a ticket taker at a movie theater, and also why she left her previous job at PetSmart. *Id*. He did not question her about the two other jobs listed on her Vocational Report, at Golden Gate Auto Auction (between 1998 and 2001) and at Home Depot (between 2001 and 2003). *See id.* at 241.

The ALJ also took brief testimony from Vocational Expert ("VE") Jeffrey Malmuth, who was asked to provide the Dictionary of Occupation Titles ("DOT") codes for Razzari's past work. AR 38-39. The VE testified as follows:

> The first job I have is a ticket seller. The DOT code is 211.447-030. This is light, with an SVP of two. And the next job is a sales clerk. The DOT code is 290.477-014. This is light, with an SVP of three. However, as performed at Home Depot, it would be at medium. . . . The next job I have is a customer sales clerk. The DOT code is 299.367-010. This is light, with an SVP of four, and this was a hybrid job at PetSmart. The other job would be dog groomer. The DOT code is 418.674-010. This is medium, with an SVP of four. And the last job the best way to characterize would be a rental car deliverer, even though it was for a car auction. This would be the DOT code that best represents the job. The DOT code is 919.663-010. And this is light, with an SVP of three. . .

*Id*. The ALJ asked one follow-up question:

> ALJ: Okay. I noticed on that last job she described it as being ten pound maximum and alternating sitting, standing and walking throughout the day, is that correct?

*Id*. at 39. The VE responded, "Correct." *Id*. The ALJ then asked Razzari's counsel if he had any questions and Arjo answered, "No. That sounds right to me." *Id*. The ALJ did not ask the VE any further questions and the VE offered no testimony regarding whether a hypothetical claimant with

2

Razzari's limitations would be able to perform any of the past work the VE had described. Nor did he address any of the specific requirements of the jobs he described (as set forth in the DOT or otherwise).

### C. The Commissioner's Five-Step Framework for Disability Determinations

The Commissioner has established a sequential five-part evaluation process to determine whether a claimant is disabled under the Social Security Act. 20 C.F.R. § 404.1520(a). At Step One, the Commissioner considers whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If he is, the Commissioner finds that the claimant is not disabled, and the evaluation stops.

If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to Step Two and considers whether the claimant has "a severe medically determinable physical or mental impairment," or combination of such impairments, which meets the duration requirement in 20 C.F.R. § 404.1509. An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, disability benefits are denied at this step.

If it is determined that one or more impairments are severe, the Commissioner will next perform Step Three of the analysis, comparing the medical severity of the claimant's impairments to a compiled listing of impairments that the Commissioner has found to be disabling. 20 C.F.R. § 404.1520(a)(4)(iii). If one or a combination of the claimant's impairments meet or equal a listed impairment, the claimant is found to be disabled. Otherwise, the Commissioner proceeds to Step Four and considers the claimant's residual functional capacity ("RFC") in light of his impairments and whether he can perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1560(b). If the claimant can still perform past relevant work, he is found not to be disabled.

If the claimant cannot perform past relevant work, the Commissioner proceeds to the fifth and final step of the analysis. 20 C.F.R. § 404.1520(a)(4)(v). At Step Five, the burden shifts to the Commissioner to show that the claimant, in light of her impairments, age, education, and work experience, can perform other jobs in the national economy. *Johnson v. Chater*, 108 F.3d 178, 180 (9th Cir. 1997). A claimant who is able to perform other jobs that are available in significant

numbers in the national economy is not considered disabled, and will not receive disability benefits. 20 C.F.R. § 404.1520(f). Conversely, where there are no jobs available in significant numbers in the national economy that the claimant can perform, the claimant is found to be disabled. *Id*.

**D.   ALJ's Decision**

In the ALJ's decision, he made the following findings under the five-step framework discussed above.

At Step One, the ALJ found that Razzari's part-time job at a movie theater did not constitute "substantial gainful activity." AR at 11-12.

At Step Two, the ALJ found that Razzari had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, sciatica, and obesity. *Id*. at 12-13.

At Step Three, the ALJ concluded that Razzari does not have an impairments or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At Step Four, the ALJ found that Razzari had the following RFC: "**the claimant has the [RFC] to perform light work as defined in 20 CFR404.1567(b) except that she can sit for no more than 4 hours in an 8 hour day, stand/walk no more than 4 hours in an 8 hour day, must alternate sitting and standing throughout the day on at least an hourly basis, can lift 10 pounds frequently and 20 pounds occasionally, cannot work at unprotected heights and can perform occasional overhead reaching and pushing/pulling bilaterally**." *Id*. at 14 (bold in original).

The ALJ made a further finding at Step Four that **"[t]he claimant is capable of performing past relevant work as a rental car deliverer. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 404.1564**)." *Id.* at 17 (bold in original). In this section of his decision the ALJ further states:

> At the hearing the vocational expert testified, consistent with the [DOT], that the claimant has past relevant work as a ticket seller (DOT #211.467-030), light work as generally performed and as actually performed by the claimant, with SVP of 2; as a sales clerk (DOT #290.477-014), light work as generally performed and

4

> medium work as actually performed by the claimant, with SVP of 3; as a combination customer service clerk (DOT #299.367-010), light work with SVP of 4/dog groomer (DOT #418.674-014), medium work with SVP of 4; and as a car rental deliverer (#919.663-010), light work as generally performed and light work with lifting of 10 pounds and the opportunity to alternate sitting standing and walking as actually performed by the claimant, with SVP of 3 . . . .
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find the claimant can perform her past relevant work.

*Id*.

The ALJ did not reach Step Five.[2]

### E. Contentions of the Party

Razzari contends the ALJ committed reversible legal error at Step Four by concluding that she can perform her past relevant work as a rental car deliverer even though he found as part of her RFC that she is limited to performing "occasional overhead reaching . . . bilaterally." Plaintiff's Motion at 4-8. According to Razzari, even though the burden is on the claimant at Step Four, the ALJ is required to make factual findings establishing that in light of a claimant's specific functional limitations she can perform the requirements of her past relevant work, either as actually performed or as the job is generally performed. *Id*. (citing 20 C.F.R. § 404.1520(e) & 416.920(e); *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001); Social Security Ruling ("SSR") 82-61, 82-62). The ALJ did not satisfy that requirement here, she contends. *Id*. at 5-6. In particular, the ALJ made no finding that she can perform the reaching that is required of a rental car deliverer as that job is generally performed under the DOT's descriptions or that she can perform the reaching that was required in her actual past work, which she described as requiring reaching "all day." *Id*. at 6-7 (citing AR 245 (Vocational Report describing Razzari's past work); Motion, Ex. 1 (DOT description of "Deliverer, Car Rental," listing number 919.663-010); Motion, Ex. 2 (Excerpt of the Department of Labor publication The Revised Handbook for Analyzing Jobs ("HAJ"), 1991 at 12, defining "Reaching.")). According to Razzari, this is an error that warrants

---

[2] The ALJ also concluded that a past denial of disability benefits in 2006 did not give rise to a presumption of non-disability due to changed circumstances. *Id*. The parties do not challenge this finding and therefore the Court need not address it here.

5

reversal. *Id*. at 7 (citing *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007); *Prochaska v. Barnhart*, 454 F. 3d 731 (7th Cir. 2006)).

The Commissioner argues that Razzari waived this argument because she was represented by counsel at the hearing and her attorney did not make any challenge "to the VE's testimony with respect to conflicts between the DOT and the position identified by the VE . . . ." Defendant's Cross-Motion at 3-4 (citing *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519 (9th Cir. 2014); *Solarzano v. Astrue*, No. ED CV 11-369-PJW, 2012 WL 84527 (C.D. Cal. Jan. 10, 2012); *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999); *Ybarra v. Comm'r of Soc. Sec.*, No. 1:15-CV-00639-SAB, 2016 WL 3447948 (E.D. Cal. June 23, 2016); *Johnson v. Colvin*, No. ED CV 15-02239 AFM, 2016 WL 4208434 (C.D. Cal. Aug. 8, 2016); *Simpson v. Colvin*, No. SACV 15-01122-DTB, 2016 WL 3091487 (C.D. Cal. May 31, 2016); *Butt v. Colvin*, No. LA CV 15-5690 JCG, 2016 WL 1715167 (C.D. Cal. Apr. 27, 2016)).

The Commissioner further asserts that "[e]ven if the Court finds that the Plaintiff did not waive her argument, her contention that the VE's testimony conflicts with the DOT is without merit" because: 1) no VE testimony is required at Step Four to establish that a claimant can perform her past relevant work; and 2) the DOT description is irrelevant because the ALJ relied on Razzari's ability to perform her past work as *actually* performed. *Id*. at 5-6. As to the second point, the Commissioner acknowledges that the Vocational Report states that Razzari was required to reach "all day" when she worked as a a car rental deliverer but argues that "there was no apparent conflict between Plaintiff's ability to perform occasional overhead reaching and the job as she described it" because Razzari, when contacted by the agency, stated that her job did not require her to "wash, wax or vacuum the cars and that the heaviest item she handled were jump-start battery cables which weighed less than 5 [pounds]." *Id*. at 6 (citing AR at 51-52).

Finally, the Commissioner contends any error as to the ALJ's finding that Razzari could perform past work as a rental car deliver was harmless because the ALJ also found that Razzari could perform other past relevant work, namely, her work as a ticket seller and as a customer service clerk/dog groomer. *Id*.

## III. ANALYSIS

### A. Whether Razzari Waived the Issues Raised in her Motion

The Commissioner argues that Razzari waived the arguments she raised in the Motion because she "through her counsel, had the opportunity to raise the issue of any alleged conflict between the VE's testimony and the DOT [and] her counsel failed to do so." This argument has no merit.

First, the Commissioner mischaracterizes Razzari's argument. Nowhere in her brief does Razzari contend that the ALJ erred by relying on testimony by the VE about the requirements of her past relevant work that was inconsistent with the requirements set forth in the DOT. Indeed, the VE was not asked to testify about the specific requirements of Razzari's past work (either as actually performed or as generally performed) and the VE did not offer any such testimony. The error Razzari contends occurred here was the ALJ's failure to offer any specific reasons establishing that her RFC allows her to perform the requirements of her past relevant work (either as actually performed or as generally performed). That alleged error became apparent only when the ALJ issued his written decision finding that Razzari could perform past relevant work as a rental car deliverer. In that context there could have been no waiver as a result of Razzari's counsel's failure to raise the issue at the hearing.[3]

Second, although the Ninth Circuit held in *Meanel v. Apfel* that claimants "must raise issues at their administrative hearings in order to preserve them on appeal," *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999), it has also held that "if an argument raised for the first time on appeal is a pure question of law and the Commissioner would not be unfairly prejudiced by the plaintiff's failure to raise the issue below, it may nevertheless be considered by the court." *Barbee v. Berryhill*, No. 16-CV-1779-BEN-(DHB), 2017 WL 3034531, at *11 (S.D. Cal. July 18, 2017), report and recommendation adopted, No. 16CV01779BENDHB,

---

[3] The Court notes that in a recent unpublished decision, *Simpson v. Berryhill*, No. 16-55964, 2017 WL 5643198 (9th Cir. Nov. 24, 2017), the Ninth Circuit reversed one of the district court decisions cited by the Commissioner in support of her waiver argument, *Simpson v. Colvin*, No. SACV 15-01122-DTB, 2016 WL 3091487, at *1 (C.D. Cal. May 31, 2016) on the ground that "the alleged error . . . did not become apparent until after the hearing when the ALJ issued her decision . . . ." 2017 WL 5643198, at * 2.

2017 WL 3772975 (S.D. Cal. Aug. 31, 2017) (citing *Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000) (citing *United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir. 1996))). In *Silveira*, the court distinguished *Meanel* on the basis that in that case, the claimant sought to introduce new evidence that had not been considered in the administrative proceedings whereas in *Silveira* the claimant sought only to raise a legal issue that had not been considered by the Commissioner. 204 F.3d 1257, 1260 n. 8 (9th Cir. 2000). The alleged error in this case is a legal error and the Commissioner will suffer no prejudice if the Court considers it. Therefore, under *Silveira*, the Court finds that Razzari did not waive this issue.

### B. Whether the ALJ Erred in Failing to Address Requirements of Past Relevant Work as a Rental Car Deliverer

#### 1. Legal Standard

At Step Four, "claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir.1990)). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id*. (citing SSR 82–62; 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and 416.965.3). In *Pinto v. Massanari*, the Ninth Circuit explained that "[t]his is done by looking at the residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Id*. (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e)).

Under SSR 82-61, a claimant is capable of performing past relevant work if the claimant can perform either: "1) The actual functional demands and job duties of a particular past relevant job; or 2) The functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82–61. Regardless of which test is applied, where an ALJ makes a finding of disability on this basis, the ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Pinto v. Massanari*, 249 F.3d at 845 (citing SSR 82–62).

Failure to make specific factual findings in support of the conclusion that a claimant can perform past relevant work constitutes legal error that warrants reversal. *See Pinto v. Massanari,* 249 F.3d at 845.

### 2. Discussion

The ALJ in this case concluded that Razzari could perform "past relevant work as a rental car deliverer." AR at 17. However, he made no factual findings comparing the RFC he defined in his decision with the requirements of Razzari's past work. As in *Pinto v. Massanari*, "[t]his case vividly demonstrates the difficulty for the reviewing court where sufficient findings are not made." 249 F.3d at 845. As in that case, the court here "[does] not know whether the ALJ's conclusion that [Razzari] could perform her past relevant work addressed her work as actually or generally performed." *Id*. While the ALJ was not required to make specific findings as to *both* past relevant work as actually performed and as generally performed, he was required to make findings as to at least one of these to support his finding of non-disability.

If (as the Commissioner contends) the ALJ was relying on Razzari's actual past work as a rental car deliverer, he needed to make findings as to the specific requirements of that job as compared to Razzari's RFC. In making such findings, the ALJ should have addressed, *inter alia*, whether the limitation that he found as to Razzari's reaching ability would prevent her from performing a job that she described as requiring her to reach "all day." *See* AR at 245. The Court notes that the ALJ did not question Razzari about the requirements of her past work as a rental car deliverer at the hearing; nor did he cite in his written decision the statement Razzari made to the agency that her past work did not require her to wash or wax cars, AR at 51-52, and the ALJ gives no indication that he considered that evidence. Even if the ALJ had relied on this statement, it would not establish that Razzari's job did not require her to reach "all day" in connection with other tasks. Further, the Commissioner's reliance on this statement before this Court is unavailing because courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

In the alternative, the ALJ could have made specific findings about Razzari's RFC as

9

1 compared to the general requirements of a rental car deliverer set forth in the DOT, which states

2 that this position requires frequent reaching. *See* Plaintiff's Motion, Ex. 1 (DOT excerpt for

3 "Deliverer, Car Rental"), No. 919.663. The ALJ did not do so.

As stated in SSR 82-62, "[t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." SSR 82-62. Instead, the ALJ offered no explanation whatsoever for his conclusion in his written decision. The ALJ's failure to make findings supporting his conclusion that Razzari can perform her past relevant work as a rental car deliverer is legal error that warrants reversal.

### C. Whether the ALJ's Error Was Harmless

The Commissioner argues that the ALJ's decision should be affirmed even if the ALJ failed to make specific findings as to the rental car deliverer position because the ALJ *also* found that Razzari could perform her past relevant work as a ticket seller or a customer service clerk/groomer. The Court does not read the ALJ's decision to make such a finding, however. The ALJ references only the position of rental car deliver in the bold section of this finding. AR at 17. Further, while he describes Razzari's other positions in the paragraph that follows the finding that is in bold, he ends this section with only a conclusory statement that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find the claimant can perform her past relevant work." *Id*. He does not identify *which* past relevant work this statement refers to and the Court reads this sentence as referring to the sentence in bold at the beginning of the section. In any event, even if this somewhat ambiguous sentence constitutes a finding by the ALJ that Razzari can perform other past relevant work, the finding suffers from the exact same flaw as the finding that Razzari can perform her past work as a rental car deliverer, namely, that the ALJ conducted no comparison of the requirements of these jobs as compared to Razzari's RFC and made no specific findings supporting the conclusion that she could perform these jobs.

### IV. CONCLUSION

For the reasons stated above, the Court finds that the ALJ committed legal error that

10

warrants reversal of the Commissioner's denial of benefits. The Court reverses the Commissioner's decision and remands for further proceedings in which the ALJ shall make specific and detailed findings as to whether Razzari is able to perform her past relevant work.

**IT IS SO ORDERED.**

Dated: December 21, 2017

JOSEPH C. SPERO
Chief Magistrate Judge